IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) |
| | ) |
| **U.S. DEPARTMENT OF TREASURY,** | ) |
| Office of Foreign Assets Control | ) |
| Treasury Annex / Freedman's Bank Building | ) |
| 1500 Pennsylvania Avenue, NW | ) |
| Washington, D.C. 20220 | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

1. Plaintiff JASON LEOPOLD brings this suit to force Defendant U.S. DEPARTMENT OF TREASURY to comply with Plaintiff's FOIA request for license applications to do business with Russian oligarchs, government officials, and commercial entities that have been sanctioned by the United States since Russia's invasion of Ukraine. In violation of FOIA, Defendant has failed to issue a determination, has failed to promptly produce the records, and has failed to provide an estimated date of completion for the request.

## PARTIES

2. Plaintiff JASON LEOPOLD is an investigative reporter and is the FOIA requester in this case.

3. Defendant U.S. DEPARTMENT OF TREASURY ("DOT") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MARCH 10, 2022 FOIA REQUEST

6. On March 10, 2022, LEOPOLD submitted a FOIA request to the Office of Foreign Asset Control (OFAC), a component of DOT for "[c]opies of each license application submitted to OFAC since Russia's invasion of Ukraine on February 24, 2022, to do business with sanctioned Russian oligarchs and government officials and businesses". A true and correct copy of the FOIA request is attached as Exhibit 1.

7. On March 15, 2022, OFAC, a component of DOT, acknowledged receipt of the request and assigned reference number 2022-FOIA-00300. A true and correct copy of OFAC's acknowledgement letter is attached as Exhibit 2.

8. On November 14, 2022, OFAC issued its "first interim response" of an Excel spreadsheet with 445 lines of data and asked LEOPOLD to identify the "specific licenses within the spreadsheet" that LEOPOLD would like OFAC to process. A true and correct copy of OFAC's First Interim Response Letter is attached as Exhibit 3.

9. On November 22, 2022, LEOPOLD identified specific licenses for OFAC to process. A true and correct copy of LEOPOLD's email is attached as Exhibit 4.

10. On December 1, 2022, OFAC acknowledged receipt of LEOPOLD's November 22, 2022 email. A true and correct copy of the acknowledgement letter is attached as Exhibit 5.

11. OFAC stated that it anticipates providing a response to the request "later in calendar year 2023."

12. As of the date of this filing, OFAC has not issued a determination for the request.

- 3 -

13. As of the date of this filing, OFAC has failed to produce records responsive to the request.

## COUNT I – MARCH 10, 2022 FOIA REQUEST,
## DOT'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION

14. The above paragraphs are incorporated by reference.

15. LEOPOLD's FOIA request seeks the disclosure of agency records and was properly made.

16. Defendant DOT and its component OFAC are federal agencies subject to FOIA.

17. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

18. Defendant DOT and its component OFAC failed to issue a determination within the statutory deadline.

## COUNT II – MARCH 10, 2022 FOIA REQUEST,
## DOT'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS

19. The above paragraphs are incorporated by reference.

20. LEOPOLD's FOIA request seeks the disclosure of agency records and was properly made.

21. Defendant DOT and its component OFAC are federal agencies subject to FOIA.

22. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

23. Defendant DOT and its component OFAC have failed to produce records responsive to the request.

**WHEREFORE,** LEOPOLD asks the Court to:

    i. declare that Defendant has violated FOIA;

ii. order Defendant to conduct a reasonable search for records responsive to the requests;

iii. order Defendant to produce all non-exempt requested records or portions of records promptly;

iv. enjoin Defendant from withholding non-exempt public records under FOIA;

v. award Plaintiff attorneys' fees and costs; and

vi. award such other relief the Court considers appropriate.

Dated: December 15, 2022

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff,
JASON LEOPOLD

Matthew Topic, D.C. Bar No. IL0037
Josh Loevy, D.C. Bar No. IL0105
Merrick Wayne, D.C. Bar No. IL0058
Shelley Geiszler, D.C. Bar No. IL 0087
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com