Exhibit 1

---

## Fwd: Request for records under the Freedom of Information Act (expedited processing)

1 message

---

---------- Forwarded message ---------
From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Thu, Mar 10, 2022, 5:30 PM
Subject: Request for records under the Freedom of Information Act (expedited processing)
To: <OFACFOIAOffice@treasury.gov>

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION
**Name:** Jason Leopold
**Affiliation:** Senior Investigative Reporter/BuzzFeed News
**Address:** 1669 Benedict Canyon Drive
Beverly Hills, CA 90210
**Email:** jasonleopold@gmail.com
**Phone:** 213-270-4334

RECORDS SOUGHT

I request disclosure from the Office of Foreign Asset Control (OFAC) the following records:

1.     Copies of each license application submitted to OFAC since Russia's invasion of Ukraine on February 24, 2022 to do business with sanctioned Russian oligarchs and government officials and business in Russia that were sanctioned by the United States.

I ask that my request be given expedited processing because there is an urgency to inform the public about an actual or alleged federal government activity, and I am a person primarily engaged in disseminating information.

As senior investigative reporter at BuzzFeed News, I am a full-time member of the news media. I therefore quality as a person primarily engaged in disseminating information.

Russia's invasion of Ukraine has threatened the stability of Europe and the United States and has roiled the global economy as a result of economic and other sanctions placed on Russia in response to its actions. It is crucial that my request be granted expedited treatment and records produced to me on an expedited basis so that I may inform the public about actual government activity involving the oversight and administration of sanctions waivers.

BuzzFeed News is a global news organization with more than 100 journalists stationed in North America, South America, Europe, Asia and the Pacific. BuzzFeed News has been recognized as a representative of the news media for fee assessment purposes by every federal agency that has received our FOIA requests. Thank you for your consideration of this request.

I certify the foregoing to be true and correct to the best of my knowledge
and belief.
_/s/_____JL_____
Jason Leopold

The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted.

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—
(i) withhold information under this section only if—
(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or
(II) disclosure is prohibited by law; and
(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and
(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

OFAC should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.     Request for Public Records:
Please search for any records even if they are already publicly available.
2.     Request for Electronic and Paper/Manual Searches:
I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.
3.     Request regarding Photographs and other Visual Materials:
I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.
4.     Request for Duplicate Pages:
I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them

functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.     Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6.     Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

--

## BuzzFeed News

**Jason Leopold** | **BuzzFeed News** | Senior Investigative Reporter | (213) 270-4334 | @jasonleopold
6824 Lexington Avenue, Los Angeles, CA 90038
**Signal**: (213) 270-4334 and (646) 379-1975
**Send me documents and tips, anonymously and securely**: tips.buzzfeed.com
My personal PGP
My BuzzFeed PGP fingerprint: 46DB 0712 284B 8C6E 40FF 7A1B D3CD 5720 694B 16F0

Exhibit 2



**DEPARTMENT OF THE TREASURY**

WASHINGTON, D.C. 20220

March 15, 2022

FOIA No.:  2022-FOIA-00300
OASIS No.:  1260136

Jason Leopold
BuzzFeed News
1669 Benedict Canyon Drive
Beverly Hills, CA 90210

**VIA ELECTRONIC MAIL: jasonleopold@gmail.com**

Dear Mr. Leopold:

This acknowledges receipt of your March 10, 2022, Freedom of Information Act (FOIA), 5
U.S.C. § 552, request to the Office of Foreign Assets Control (OFAC), seeking:

"I request disclosure from the Office of Foreign Asset Control (OFAC) the following records:

1. Copies of each license application submitted to OFAC since Russia's invasion of Ukraine on
February 24, 2022 to do business with sanctioned Russian oligarchs and government officials
and business in Russia that were sanctioned by the United States.

I ask that my request be given expedited processing because there is an urgency to inform the
public about an actual or alleged federal government activity, and I am a person primarily
engaged in disseminating information.

As senior investigative reporter at BuzzFeed News, I am a full-time member of the news media. I
therefore quality as a person primarily engaged in disseminating information.

Russia's invasion of Ukraine has threatened the stability of Europe and the United States and has
roiled the global economy as a result of economic and other sanctions placed on Russia in
response to its actions. It is crucial that my request be granted expedited treatment and records
produced to me on an expedited basis so that I may inform the public about actual government
activity involving the oversight and administration of sanctions waivers.

BuzzFeed News is a global news organization with more than 100 journalists stationed in North
America, South America, Europe, Asia and the Pacific. BuzzFeed News has been recognized as
a representative of the news media for fee assessment purposes by every federal agency that has
received our FOIA requests. Thank you for your consideration of this request.

The very purpose of the FOIA is to lessen the public's dependency on official government
statements and open the underlying documents to public scrutiny. This is clearly an instance in
which expedited processing of a FOIA request is warranted.

Mr. Leopold
Page 2

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—
(i) withhold information under this section only if—
(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or
(II) disclosure is prohibited by law; and
(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and
(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

OFAC should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1. Request for Public Records:
Please search for any records even if they are already publicly available.
2. Request for Electronic and Paper/Manual Searches:
I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.
3. Request regarding Photographs and other Visual Materials:
I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.
4. Request for Duplicate Pages:
I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.
5. Request to Search Emails:
Please search for emails relating to the subject matter of my request.
6. Request for Search of Records Transferred to Other Agencies:
I request that in conducting its search, the agencies disclose releasable records even if they are

Mr. Leopold
Page 3

available publicly through other sources outside the agencies, such as NARA.

FORMAT
I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

Treasury referred this matter to its Office of Foreign Assets Control (OFAC) for processing on March 10, 2022.

You requested expedited treatment pursuant to the second standard enumerated in the Department of Treasury's (Treasury) regulations. The Department of Treasury has established three standards for expedited processing. Expedited treatment pursuant to the first standard will be granted where not doing so "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." 5 U.S.C. § 552(a)(6)(E)(v)(I). See also 31 C.F.R. § 1.4(e)(1)(i). Under the second standard, you must show that there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity, if made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). See also 31 C.F.R. §

Mr. Leopold
Page 4

1.4(e)(1)(ii). Under the third standard, you must show that the request involves "[t]he loss of substantial due process rights." See 31 C.F.R. § 1.4(e)(1)(iii).

In support of your expedited processing request under the second standard in Treasury's regulations, you stated, that you "Russia's invasion of Ukraine has threatened the stability of Europe and the United States and has roiled the global economy as a result of economic and other sanctions placed on Russia in response to its actions. It is crucial that my request be granted expedited treatment and records produced to me on an expedited basis so that I may inform the public about actual government activity involving the oversight and administration of sanctions waivers."

Based on the information you have provided, we have determined that your request for expedited processing under this standard should be denied. This office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally.

OFAC generally processes its FOIA requests on a "first in, first out" basis.  We may encounter some delay in processing your request since OFAC is experiencing a substantial backlog of FOIA requests that has adversely affected its response time.  We will make every effort to comply with your request in a timely manner; however, there are currently 334 open requests ahead of yours.

For fee purposes, we have determined that you are a "media" requester. The FOIA, specifically 5 U.S.C. § 552(a)(4)(A), and Treasury FOIA regulations at 31 C.F.R. § 1.7, allow us to recover part of the cost of addressing your request. As a "media" requester, you will be charged the cost of duplication only, excluding charges for the first 100 pages. Duplication will be assessed at 15-cents per page. Because OFAC will be processing any responsive records to you electronically, the duplication cost will be de minimis. Consequently, your request for a fee waiver is moot as we do not anticipate that there will be any assessable fees.

We have queried the appropriate OFAC components for responsive records. If responsive records are located, they will be reviewed for determination on release. One of our analysts will respond to your request. We appreciate your patience as we proceed.

Please be aware that, should records responsive to your request exist, they may contain sensitive business information.  OFAC is required to process such records through its submitter notice process. This process can add, at minimum, an additional 30 days to the processing of your request.  Please see 31 C.F.R. § 1.5.

Please be advised that OFAC will neither confirm nor deny the existence of investigative records, pursuant to exemption (b)(7)(A) of the FOIA, unless there was an actual investigation that resulted in a designation or enforcement action, or the investigation is publicized. The mere acknowledgement of an investigation could reveal classified information and thereby cause harm

Mr. Leopold
Page 5

to our national security posture. Until an actual designation, enforcement action or public acknowledgement of an investigation by Treasury has occurred, release of any information confirming or denying the existence of an investigation could conceivably tip off the subjects of pending investigations. The mere acknowledgement of an OFAC investigation would allow the subject of the investigation the opportunity to engage in asset flight and change their habits and routines such that an enforcement action or designation would be impossible to obtain. Conversely, if OFAC were to acknowledge that it was not investigating an individual that was actually involved in criminal activity, that information alone may embolden the individual in their continued criminal activities.

Additionally, to the extent that your request seeks records which are subject to the Foreign Narcotics Kingpin Designation Act (Kingpin Act) [21 U.S.C. §§ 1901-08], please be aware that all records or information obtained or created pursuant to the Kingpin Act is exempt from the provisions of the FOIA (5 U.S.C. § 552(b)(3)) pursuant to 21 U.S.C.§ 1904(e)(3).

You may appeal our denial of your request for expedited processing, in writing, within 90 days of the date of this letter to the Freedom of Information Act (FOIA) Appeal, FOIA and Transparency, Privacy, Transparency, and Records, Department of the Treasury, 1500 Pennsylvania Ave., NW, Washington, DC 20220. The deciding official for OFAC appeals is the Director, Office of Foreign Assets Control. Please include with your letter of appeal a copy of this response letter. Please reference FOIA case number **2022-FOIA-00300** in all future correspondence. Copies of the FOIA and Treasury regulations are available at https://home.treasury.gov/footer/freedom-of-information-act.

You may seek dispute resolution services from our Treasury FOIA Public Liaison by contacting Mark Bittner, Director, FOIA and Transparency at 202-622-8098 or FOIAPL@treasury.gov.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Enclosed is an information sheet pertaining to your right to administrative appeal and dispute resolution.

Mr. Leopold
Page 6

Your request has been assigned FOIA No. **2022-FOIA-00300**.  Please reference this number in any future communication. If you have any questions regarding this matter, you may contact us at our FOIA Requester Service Center via email at OFACFOIAOffice@treasury.gov or via telephone at (202) 622-2500, option 3.

Sincerely,

Laura Gonzalez

Digitally signed
by Laura Gonzalez
Date: 2022.03.15
14:19:16 -04'00'

Laura Gonzalez
FOIA Administrator
Information Disclosure and Records Management
Office of Sanctions Support and Operations
Office of Foreign Assets Control

Enclosure:  Administrative Appeal and Dispute Resolution Sheet

# ADMINISTRATIVE APPEAL AND DISPUTE RESOLUTION SHEET

## ADMINISTRATIVE APPEAL RIGHTS

You may file an appeal with the Department of the Treasury when an adverse determination related to your request has been made, under the below circumstances, see 31 C.F.R. § 1.4(h):

- The requested records have been denied in part or in whole;
- The request does not reasonably describe the records sought;
- The information requested is not a record subject to the FOIA;
- The requested record does not exist, cannot be located, has been destroyed;
- The requested record is not readily reproducible in the form or format sought by the requester;
- You have been denied a fee waiver or issue; and
- Your request for expedited processing has been denied.

Your appeal, other than an appeal of a denial for expedited processing, must be submitted in writing and, to be considered timely, it must be postmarked, or in the case of electronic submissions, transmitted, within 90 calendar days after the date of the component's final response.  An appeal of a denial for expedited processing must be submitted in writing within 90 days of the date of the initial determination to deny expedited processing.  The appeal must be signed by you or your representative, and contain the following information:

- Your name and address;
- Date of your initial request;
- Date of the letter denying your request;
- Description of why you believe the initial determination was in error; and
- The FOIA/PA number assigned to your request.

Please mail your appeal to:    FOIA Appeal
FOIA and Transparency
Privacy, Transparency, and Records
Department of the Treasury
1500 Pennsylvania Ave., N.W.
Washington, D.C. 20220

The deciding official for OFAC appeals is the Director, Office of Foreign Assets Control.

## Dispute Resolution Services

Available through:

1. The Treasury FOIA Public Liaison by contacting Mark Bittner, Director, FOIA and Transparency at 202-622-8098 or FOIAPL@treasury.gov.

2. The Office of Government Information Services (OGIS) by emailing them at ogis@nara.gov or calling them at 1-877-684-6448.

Exhibit 3



## DEPARTMENT OF THE TREASURY
### WASHINGTON, D.C. 20220

November 14, 2022

FOIA No.: 2022-FOIA-00300
OASIS No.: 1321680

Jason Leopold
BuzzFeed News
1669 Benedict Canyon Drive
Beverly Hills, CA 90210

**VIA ELECTRONIC MAIL: jasonleopold@gmail.com**

Dear Mr. Leopold:

This is OFAC's first interim response to your March 10, 2022 Freedom of Information Act (FOIA), 5 U.S.C. § 552, request to the Department of the Treasury (Treasury), seeking "[c]opies of each license application submitted to OFAC since Russia's invasion of Ukraine on February 24, 2022 to do business with sanctioned Russian oligarchs and government officials and business in Russia that were sanctioned by the United States."

Treasury referred this matter to its Office of Foreign Assets Control (OFAC) for processing on March 10, 2022.

Please be aware that OFAC is experiencing a substantial backlog of FOIA requests that has adversely affected its response time.

At this time, a search of OFAC for documents responsive to your request produced one (1) Excel spreadsheet with 445 lines of data. Of the 445 lines, 2 lines are being withheld in their entirety pursuant to FOIA exemption (b)(7)(E). Portions of the remaining 443 lines are being withheld pursuant to FOIA exemption (b)(6). OFAC has determined that foreseeable harm intersects with an interest protected by the exemptions applied.

OFAC used FOIA exemption (b)(6) to protect personal privacy information, the release of which would constitute a clearly unwarranted invasion of personal privacy. OFAC used a balancing test to determine that the individuals' right to personal privacy outweigh the public's right to release of the information. OFAC withheld names of individuals.

FOIA exemption (b)(7) protects from disclosure records and information compiled for a law enforcement purpose, the release of which would violate one of the six subparts of the exemption.

OFAC specifically withheld records and information, compiled for a law enforcement purpose, under FOIA exemption (b)(7)(E) to protect information that if released would disclose techniques and procedures that could reasonably be expected to risk circumvention of the law.

Mr. Leopold
Page 2

To facilitate further processing of your request, please identify the specific licenses within the spreadsheet that you would like OFAC to process. Please provide your written list to us by **COB November 28, 2022**. Once we have your listing of licenses, we will move forward with searching for and obtaining the records. If we do not hear from you by November 28, 2022, we will administratively close out your request without further communication to you.

You may appeal this decision in writing within 90 days after the date of this letter to the Freedom of Information Act Appeal, Disclosure Services (DO), Privacy, Department of the Treasury, 1500 Pennsylvania Ave., N.W., Washington, DC 20220. The deciding official for OFAC appeals is the Director, Office of Foreign Assets Control. Please include with your letter of appeal a copy of this response letter. Please reference FOIA case number **2022-FOIA-00300** in all future correspondence.

You may seek dispute resolution services from our Treasury FOIA Public Liaison by contacting Mark Bittner, Director, FOIA and Transparency at 202-622-8098 or FOIAPL@treasury.gov.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you wish to contract OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448. Enclosed are information sheets pertaining to the FOIA exemptions and your right to administrative appeal.

Enclosed is an information sheet pertaining to your right to administrative appeal and dispute resolution.

If you need to contact our office concerning this response, you may send an email to our FOIA Requester Service Center at OFACFOIAOffice@treasury.gov or call us at (202) 622-2500, option 3. Please reference FOIA No. **2022-FOIA-00300** in any future correspondence.

Sincerely,

# Marshall H. Fields Jr.

Digitally signed by Marshall H. Fields Jr.
Date: 2022.11.14 12:47:02 -05'00'

Marshall H. Fields, Jr.
Assistant Director
Information Disclosure and Records Management
Office of Sanctions Support and Operations
Office of Foreign Assets Control

Enclosures:
1. Administrative Appeal and Dispute Resolution Sheet
2. 445 Records as Redacted (1 Spreadsheet)

Enclosure 1

# ADMINISTRATIVE APPEAL AND DISPUTE RESOLUTION SHEET

## ADMINISTRATIVE APPEAL RIGHTS

You may file an appeal with the Department of the Treasury when an adverse determination related to your request has been made, under the below circumstances, see 31 C.F.R. § 1.4(h):

- The requested records have been denied in part or in whole;
- The request does not reasonably describe the records sought;
- The information requested is not a record subject to the FOIA;
- The requested record does not exist, cannot be located, has been destroyed;
- The requested record is not readily reproducible in the form or format sought by the requester;
- You have been denied a fee waiver or issue; and
- Your request for expedited processing has been denied.

Your appeal, other than an appeal of a denial for expedited processing, must be submitted in writing and, to be considered timely, it must be postmarked, or in the case of electronic submissions, transmitted, within 90 calendar days after the date of the component's final response. An appeal of a denial for expedited processing must be submitted in writing within 90 days of the date of the initial determination to deny expedited processing. The appeal must be signed by you or your representative, and contain the following information:

- Your name and address;
- Date of your initial request;
- Date of the letter denying your request;
- Description of why you believe the initial determination was in error; and
- The FOIA/PA number assigned to your request.

Please mail your appeal to:     FOIA Appeal
                                FOIA and Transparency
                                Privacy, Transparency, and Records
                                Department of the Treasury
                                1500 Pennsylvania Ave., N.W.
                                Washington, D.C. 20220

The deciding official for OFAC appeals is the Director, Office of Foreign Assets Control.

## Dispute Resolution Services

Available through:

1. The Treasury FOIA Public Liaison by contacting Mark Bittner, Director, FOIA and Transparency at 202-622-8098 or FOIAPL@treasury.gov.

2. The Office of Government Information Services (OGIS) by emailing them at ogis@nara.gov or calling them at 1-877-684-6448.

Exhibit 4

---

## Fwd: *Please see response* FOIA No. 2022-FOIA-00300 - OFAC 1st Interim Response

---

---------- Forwarded message ---------
From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Tue, Nov 22, 2022 at 11:14 AM
Subject: *Please see response* FOIA No. 2022-FOIA-00300 - OFAC 1st Interim Response
To: <OFACFOIAOffice@treasury.gov>
Cc: <FOIAPL@treasury.gov>, <Marshall.Fields@treasury.gov>


Dear Mr. Fields and OFAC FOIA Office,
I am submitting the entries from the spreadsheet I am interested in receiving in response to my FOIA request on March 10, 2022. Please provide me with an acknowledgment letter confirming you have received these entries and please provide me with a formal  estimated date of completion. I would like to remind the agency of the following:

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

FTC should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

1. **RUSSIA-EO14024-2022-984816-1 Spirit Aerosystems**
2. **RUSSIA-EO14024-2022-904500-1 Kroll LLC**
3. **RUSSIA-EO14024-2022-907001-1 McDonald's**
4. **RUSSIA-EO14024-2022–947635-1 Nike**

5. **MUL-2022-905368-1 Honeywell International Inc.**
6. **RUSSIA-EO14024-2022-949998-1 Medtronic**
7. **RUSSIA-EO14024-2022-965455-1 The Boeing Company**
8. **RUSSIA-EO14024-2022-944043-1 Eli Lilly and Company**
9. **RUSSIA-EO14024-2022-950596-1 British Broadcasting Corp.**
10. **RUSSIA-EO14024-2022-903242-1 Pfizer**
11. **RUSSIA-EO14024-2022-895230-1 Procter & Gamble**
12. **RUSSIA-EO14065-2022-895236-1 Cigna Corporation and its subsidiaries**
13. **RUSSIA-EO14024-2022-895858-1 Sberbank**
14. **RUSSIA-EO14024-2022-929320-1 Sberbank (Switzerland) AG**
15. **RUSSIA-EO14024-2022-901248-1 Sberbank (Switzerland) AG**
16. **RUSSIA-EO14024-2022-892750-1 Sberbank CIB UK Limited**
17. **RUSSIA-EO14024-2022-895857-1 Sberbank CIB USA, Inc.**
18. **RUSSIA-EO14024-2022-895856-1 Sberbank CIB USA, Inc.**
19. **RUSSIA-EO14024-2022-900756-1 Sberbank Europe AG**
20. **RUSSIA-EO14024-2022-900756-2 Sberbank Europe AG**
21. **RUSSIA-EO14024-2022-947633-1 Sberbank Hungarty Ltd. "under voluntary dissolution"**
22. **UKRAINE-EO13685-2021-373311-2 American Jewish Joint Distribution Committee**
23. **MUL-2022-896869-1 White & Case LLP**
24. **RUSSIA-EO14024-2022-898302-1 The Washington Charitable Trust**
25. **RUSSIA-EO14024-2022-900900-1**
26. **RUSSIA-EO14024-2022-902744-1**
27. **RUSSIA-EO14024-2022-902976-1**
28. **CAATSA-RUSSIA-2022-893022-1 PayPal Holdings, INC**
29. **RUSSIA-EO14065-2022-891884-1 Space Exploration Technologies Corp.**
30. **RUSSIA-EO14024-2022-895229-1 Apple Bank for Savings**
31. **RUSSIA-EO14024-2022-929316-1 Ford Motor Company**
32. **RUSSIA-EO14024-2022-968911-1 Mercedes Benz Group AG**
33. **RUSSIA-EO14024-2022-983880-1 Raytheon Technologies Corporation**
34. **RUSSIA-EO14024-2022-983696-1 Apple Inc**
35. **RUSSIA-EO14024-2022-978381-1 Apple Inc**
36. **RUSSIA-EO14024-2022-978382-1 Apple Inc**
37. **RUSSIA-EO14024-2022-907147-1 Meta Platforms, Inc.**
38. **RUSSIA-EO14024-2022-974279-1 The Shipowners Insurance and Guaranty Company Ltd.**
39. **RUSSIA-EO14024-2022-982514-1 Moran Yacht Management, Inc.**
40. **RUSSIA-EO14065-2022-895371-1 ExxonMobil Oil Corporation**
41. **MUL-2022-909364-3 ExxonMobil Corporation**
42. **MUL-2022-909364-1 ExxonMobil Corporation**
43. **MUL-2022-909364-4 ExxonMobil Corporation**
44. **MUL-2022-909364-2 ExxonMobil Corporation**
45. **RUSSIA-EO14066-2022-899175-1 Valero Marketing and Supply Company**
46. **RUSSIA-EO14066-2022-899175-2 Valero Marketing and Supply Company**
47. **RUSSIA-EO14024-2022-899556-1 Bank of America, N.A.**
48. **RUSSIA-EO14024-2022-900129-1 Home Bancgroup, Inc.**
49. **RUSSIA-EO14024-2022-900754-1 Home Bancgroup, Inc**
50. **RUSSIA-EO14024-900753-1 Home Bancgroup, Inc.**
51. **RUSSIA-EO14024-2022-895372-2 The Bank of New York Mellon Corporation**
52. **RUSSIA-EO14024-2022-901768-1 Sansar Capital Management, LLC**
53. **RUSSIA-EO14024-2022-917303-1 Jones Day**
54. **RUSSIA-EO14024-2022-940814-1 Ferrari & Associates**
55. **RUSSIA-EO14024-2022-899445-1 Ferrari & Associates**
56. **RUSSIA-EO14024-2022-907153-1 Ferrari & Associates**
57. **RUSSIA-EO14024-2022-947634-1 Ferrari & Associates**
58. **RUSSIA-EO14024-2022-968412-1 Ferrari & Associates**
59. **RUSSIA-EO14024-2022-891817-1 Freshfields Bruckhaus Deringer US LLP**
60. **RUSSIA-EO14024-2022-891816-1 Freshfields Bruckhaus Deringer US LLP**
61. **RUSSIA-EO14024-2022-891824-1 Freshfields Bruckhaus Deringer US LLP**
62. **RUSSIA-EO14071-2022-947618-1 Deloitte LLP**
63. **RUSSIA-14024-2022-947817-1 AerCap Holdings N.V.**
64. **RUSSIA-EO14024-2022-978379-1 Alfa Capital Markets**

65. **RUSSIA-EO14024-2022-978497-1 White & Case LLP**
66. **RUSSIA-EO14024-2022-982515-1 Moran Yacht Management, Inc.**
67. **RUSSIA-EO-14065-2022-978504-1**
68. **RUSSIA-EO14024-2022-950430-1 Joint Stock Company Alfa Bank**
69. **RUSSIA-EO14024-2022-902003-1 Alfa Capital Markets Ltd.**
70. **RUSSIA-EO14024-2022-978380-1 Alfa Capital Markets Ltd.**
71. **RUSSIA-EO14024-2022-900128-1 Joint Stock Company Alfa-Bank**
72. **RUSSIA-EO14024-2022-969844-1 Alfa-Bank**
73. **RUSSIA-EO14024-2022-960008-1 Deutsche Bank AG**
74. **RUSSIA-EO14024-2022-953613-1 Bank of America**
75. **RUSSIA-EO14024-2022-962823-1 Curtis Mallet, Provost Mosle LLP**
76. **RUSSIA-EO14024-2022-962824-1 Curtis Mallet, Provost Mosle LLP**
77. **RUSSIA-EO14024-2022-964591-1 JP Morgan Chase & Co**
78. **RUSSIA-EO14024-2022-897583-1 JP Morgan Chase**
79. **RUSSIA-EO14024-2022-895368-1 JP Morgan Chase**
80. **RUSSIA-EO14024-2022-895806-1 JP Morgan Chase**
81. **RUSSIA-EO14024-2022-895368-2 JP Morgan Chase**
82. **RUSSIA-EO14024-2022-897721-1 JP Morgan Chase**
83. **RUSSIA-EO14024-2022-899003-1 JP Morgan Chase**
84. **RUSSIA-EO14024-2022-917294-1 JP Morgan Chase & Co.**
85. **RUSSIA-EO14024-2022-895373-2 JP Morgan Chase Bank, N.A.**
86. **RUSSIA-EO14024-2022-895373-4 JP Morgan Chase Bank, N.A.**
87. **RUSSIA-EO14024-2022-895373-1 JP Morgan Chase Bank, N.A.**
88. **RUSSIA-EO14024-2022-901766-1 JP Morgan Chase Bank, N.A.**
89. **RUSSIA-EO14024-2022-895373-3 JP Morgan Chase Bank, N.A.**
90. **RUSSIA-EO14024-2022-961034-1 JP Morgan Chase Bank, N.A.**
91. **RUSSIA-EO14024-2022-913851-1 JP Morgan Chase Bank, N.A.**
92. **RUSSIA-EO14024-2022-907158-1 JP Morgan Chase Bank, N.A.**
93. **RUSSIA-EO14024-2022-936779-1 JP Morgan Chase Bank, N.A.**
94. **RUSSIA-EO14024-2022-898640-1 Mastercard**
95. **RUSSIA-EO14024-2022-963988-1 Mastercard International Incorporated**
96. **RUSSIA-EO14024-2022-940815-1 Mastercard International Incorporated**
97. **RUSSIA-EO14024-2022-965059-1 Paul Hastings LLP**
98. **RUSSIA-EO14024-2022-968914-1 White & Case LLP**
99. **RUSSIA-EO14024-2022-900752-1 Credit Suisse International**
100. **RUSSIA-EO14024-2022-917295-1 Barclays Bank Plc**
101. **RUSSIA-EO14024-2022-915058-1 UBS AG**
102. **RUSSIA-EO14024-2022-906071-1 UBS AG**
103. **RUSSIA-EO14024-2022-910655-1 Bristol Myers Squibb Company**
104. **RUSSIA-EO14024-2022-924818-1 Goldman Sachs Group, Inc.**
105. **RUSSIA-EO14024-2022-891833-1 Goldman Sachs Group, Inc.**
106. **RUSSIA-EO14024-2022-924817-1 Goldman Sachs Group, Inc.**
107. **RUSSIA-EO14024-2022-940816-1 Goldman Sachs Group, Inc.**
108. **RUSSIA-EO14024-2022-936736-3 Mayer Brown LLP**
109. **RUSSIA-EO14024-2022-978498-1 Mayer Brown LLP**
110. **RUSSIA-EO14024-2022-918091-2 Ministry of Economy and Finance**
111. **RUSSIA-EO14024-2022-918091-1 Ministry of Economy and Finance**
112. **RUSSIA-EO14024-2022-965060-1 Ministry of Economy and Finance**
113. **RUSSIA-EO14024-2022-978377-1 Morgan Stanley**
114. **RUSSIA-EO14024-2022-905874-1 Societe Generale SA**
115. **RUSSIA-EO14024-2022-900998-1 Sorenson Law Offices LLC**
116. **RUSSIA-EO14071-2022-919373-1 Kustov & Associates, Inc.**
117. **RUSSIA-EO14065-2022-922222-1 Googe LLC**
118. **RUSSIA-EO14024-2022-892130-1 Google LLC**
119. **RUSSIA-EO14024-2022-944336-1 Public Joint Stock Company Magnitogorsk Iron & Steel Works**
120. **RUSSIA-EO14024-2022-898202-1 PAO Severstal**
121. **RUSSIA-EO14024-2022-922225-1 Bank of Cyprus Holdings**
122. **RUSSIA-EO14071-2022-950738-1 EN+Group IPJSC, US Chair of EN+, and UC RUSAL IPJSC**
123. **RUSSIA-EO14024-2022-936778-1 Otkritie Broker Ltd**

124. **RUSSI-EO14024-2022-896867-1 Otkritie Broker Ltd**
125. **RUSSIA-EO14024-2022-922583-1 The Eren Law FIrm**
126. **RUSSIA-EO14024-2022-900126-1 Public Joint Stock Company Bank Otkritie FInancial Corporation**
127. **RUSSIA-EO14071-2022-912468-1 Nixon Peabody LLP**
128. **RUSSIA-EO14024-2022-944041-1 Renova Group LLC**
129. **RUSSIA-EO14024-2022-895232-1 Pamplona Capital Management Llc**
130. **RUSSIA-EO14024-2022-951162-1 Alfalume**
131. **RUSSIA-EO14024-2022-968412-1 Freeh Sporkin & Sullivan LLP**
132. **RUSSIA-EO14065-2022-893024-1 Arteam LLC**
133. **RUSSIA-EO14024-2022-899557-1 [REDACTED]**
134. **RUSSIA-EO14024-2022-899171-1 Teneo Financial Advisory Limited**
135. **RUSSIA-EO-14068-2022-909416-1 Roust USA**
136. **RUSSIA-EO14066-2022-892918-1 Vitol Inc.**
137. **RUSSIA-EO14024-2022-983909-1 The Options Clearing Corporation**
138. **RUSSIA-EO14065-2022-899290-1 Premise Data Corporation**
139. **RUSSIA-EO14024-2022-971120-1 Intel**
140. **CAATSA-RUSSIA-2022-965065-1 S3 AeroDefense LLC**
141. **RUSSIA-EO14024-2022-895374-1 Mastercard**
142. **RUSSIA-EO14024-2022-921485-1 The Eren Law Firm**
143. **RUSSIA-EO14024-2022-922583-1 The Eren Law Firm**
144. **RUSSIA-EO14024-2022-919377-3 Concorde Shipping Ltd**
145. **RUSSIA-EO14024-2022-984939-1 The Kagan Family 2016 Trust**
146. **RUSSIA-EO14024-2022-917296-1 Formula One World Championship Ltd.**
147. **RUSSIA-EO14024-2022-896872-1 Steptoe & Johnson**
148. **RUSSIA-EO14024-2022-944338-1 Three Crowns (US) LLP**
149. **RUSSIA-EO14024-2022-978496-1 White & Case LLP**
150. **RUSSIA-EO14024-2022-982518-1 White & Case LLP**
151. **RUSSIA-EO14024-2022-974279-1 White & Case LLP**
152. **RUSSIA-EO14024-2022-919378-1 Wilk Auslander LLP**
153. **RUSSIA-EO14071-2022-974267-1 [REDACTED]**
154. **RUSSIA-EO14024-2022-892919-1 [REDACTED]**
155. **RUSSIA-EO14024-2022-903240-1 [REDACTED**
156. **RUSSIA-EO14024-2022-965062-1 [REDACTED]**
157. **MUL-2022-974268-1 [REDACTED]**
158. **MUL-2022-985657-1 [REDACTED]**
159. **RUSSIA-EO14024-2022-929319-1 Lathan & Watkins**
160. **RUSSIA-EO14024-2022-969840-1 Brown Rudnick LLP**
161. **RUSSIA-EO14024-2022-969845-1 Brown Rudnick LLP**
162. **RUSSIA-EO14024-2022-899276-1 Hungryroot Inc**
163. **RUSSIA-EO14024-2022-929321-1 Citigroup Inc**
164. **RUSSIA-EO14024-2022-979514-1 Citigroup Inc**
165. **RUSSIA-EO14024-2022-899448-1 Citigroup Inc**
166. **RUSSIA-EO14024-2022-903241-1 Citigroup Inc**
167. **RUSSIA-EO14024-2022-950503-1 Citigroup Inc**
168. **RUSSIA-EO14024-2022-962826-1 Citigroup Inc**
169. **RUSSIA-EO14024-2022-891793-1 Citigroup Inc**
170. **RUSSIA-EO14024-2022-903120-1 Citigroup Inc**
171. **RUSSIA-EO14024-2022-903121-1 Citigroup Inc**
172. **RUSSIA-EO14024-2022-912201-1 Citigroup Inc**
173. **RUSSIA-EO14024-2022-944337-1 DB USA Core Corporation**
174. **RUSSIA-EO14024-2022-913855-1 Commercial Bank "Absolut Bank" (PAO)**
175. **RUSSIA-EO14024-2022-981082-1 Ozon Holdings PLC**
176. **RUSSIA-EO-14065-2022-899284-1 Vita Export & Import Inc.**
177. **RUSSIA-EO-14024-2022-910645-1 Notome Games**
178. **RUSSIA-EO14024-2022-893029-1 CloudLinux Software, Inc.**
179. **RUSSIA-EO14024-2022-971552-1 Hewlett Packard Enterprise Company**
180. **RUSSIA-EO14024-2022-971552-1 Signature Aviation**
181. **RUSSIA-EO14024-2022-971575-1 Baker Botts L.L.P.**
182. **RUSSIA-EO14024-2022-899446-1 ICBC Standard Bank Plc**

183. **RUSSIA-EO14024-2022-965058-1 GuideOne Insurance Company**
184. **RUSSIA-EO14024-2022-910627-1 Skymoons Interactive Digital Entertainment Hong Kong Co Limited**

On Thu, Nov 17, 2022 at 7:28 AM Jason Leopold <jasonleopold@gmail.com> wrote:
  Thank you.

  Best,
  Jason

  Jason Leopold
  Investigative Reporter
  (213) 270-4334 (Signal)
  @jasonleopold
  https://www.bloomberg.com/authors/AV1xN7SBTpA/jason-leopold

  On Thu, Nov 17, 2022, 7:16 AM <OFACFOIAOffice@treasury.gov> wrote:

  Dear Mr. Leopold,


  Re:   FOIA #: 2022-FOIA-00300


  The answers to your questions are provided below.


  Question 1: But why am I receiving the spreadsheet instead of the license applications that I requested?


  Answer: Because of the volume of records responsive to your request for a copy "of each license application submitted to OFAC since Russia's invasion of Ukraine on February 24, 2022 to do business with sanctioned Russian oligarchs and government officials and business in Russia that were sanctioned by the United States," (445 application), OFAC provided you a spreadsheet listing the application, so that you can determine which applications you want OFAC to process.


  Question 2: Why was that not processed?


  Answer: see answer to question 1 above.

Question 3: What is the timeframe for processing the applications when I submit it?

Answer: As you should be aware, OFAC processes its cases on a first-in, first-out basis. Your request is currently 265 in our queue. Your request for license applications impacts the Treasury submitter notice process found at 31 C.F.R. §1.5. This process adds additional time to the processing of these types of records. At this time, it is inconceivable that OFAC will be able to get to your request until later in calendar year 2023, because of the number of FOIA cases ahead of your request in our queue. At this time, I cannot be more exacting than this.

As our November 14, 2022 letter requests, please let us know which applications you desire for OFAC to process by COB November 28, 2022. If we do not have your response by this date we will assume that you are no longer interested in OFAC processing your request. We will therefore administratively close your request at that time.

If you have any further questions, or concern, please feel free to contact us again through our FOIA Requester Service Center via email to OFACFOIAOffice@treasury.gov or telephonically at 202-622-2500, option 3. Please reference FOIA number 2022-FOIA-00300 in all communications regarding this request.

Sincerely,

# Marshall Fields

Marshall Fields

Assistant Director

Information Disclosure and Records Management

Office of Sanctions Support and Operations

Office of Foreign Assets Control

**Confidentiality Notice:**

**This email may contain privileged, confidential and or law enforcement sensitive information which is exempt from disclosure under applicable law.  If you have received this communication in error, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify the sender.**

---

**From:** Jason Leopold <jasonleopold@gmail.com>
**Sent:** Thursday, November 17, 2022 9:46 AM
**To:** OFAC FOIA Office <OFACFOIAOffice@treasury.gov>
**Cc:** FOIA Public Liaison Departmental Offices <FOIAPL@treasury.gov>; Fields, Marshall <Marshall.Fields@treasury.gov>
**Subject:** Re: FOIA No. 2022-FOIA-00300 - OFAC 1st Interim Response


** **Caution:** External email. Pay attention to suspicious links and attachments. Send suspicious email to suspect@treasury.gov **


I  did read the letter.


Please respond to my other questions.  I will need responses to those queries as I determine next steps.


Best,

Jason.


Jason Leopold
Investigative Reporter
(213) 270-4334 (Signal)
@jasonleopold
https://www.bloomberg.com/authors/AV1xN7SBTpA/jason-leopold


On Thu, Nov 17, 2022, 4:12 AM <OFACFOIAOffice@treasury.gov> wrote:

Dear Mr. Leopold,

Please read the response letter. Because of the volume of records we request that you determine from the list of applications which applications you want OFAC to process.

Sincerely,

# Marshall Fields

Marshall Fields

Assistant Director

Information Disclosure and Records Management

Office of Sanctions Support and Operations

Office of Foreign Assets Control

**Confidentiality Notice:**

**This email may contain privileged, confidential and or law enforcement sensitive information which is exempt from disclosure under applicable law.  If you have received this communication in error, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify the sender.**

---

**From:** Jason Leopold <jasonleopold@gmail.com>
**Sent:** Wednesday, November 16, 2022 8:22 PM
**To:** OFAC FOIA Office <OFACFOIAOffice@treasury.gov>; FOIA Public Liaison Departmental Offices <FOIAPL@treasury.gov>; Fields, Marshall <Marshall.Fields@treasury.gov>
**Subject:** Re: FOIA No. 2022-FOIA-00300 - OFAC 1st Interim Response

** **Caution:** External email. Pay attention to suspicious links and attachments. Send suspicious email to suspect@treasury.gov **

Received. But why am I receiving the spreadsheet instead of the license applications that I requested? Why was that not processed? What is the timeframe for processing the applications when I submit it?

Please advise as soon as possible.


Best,

Jason


On Mon, Nov 14, 2022 at 10:16 AM <OFACFOIAOffice@treasury.gov> wrote:

> Dear Mr. Leopold:
>
>
> RE:     FOIA No. 2022-FOIA-00300
>
>         OASIS No.: 1321680
>
>
> Attached is OFAC's first interim response to your FOIA request.
>
>
> If you have any questions regarding this matter, you may contact us at our FOIA Requester Service Center via email at OFACFOIAOffice@treasury.gov or via telephone at 202-622-2500, option 3. Please reference your FOIA No. 2022-FOIA-00300 in any future communications.
>
>
> Regards,
>
>
> OFAC FOIA Office
>
>
> **Confidentiality Notice**: **This email may contain privileged, confidential and or law enforcement sensitive information which is exempt from disclosure under applicable law. If you have received this communication in error, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication**

**in error, please notify the sender.**

--

Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@jJasonLeopold
Read my reporting



Exhibit 5



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

December 1, 2022

FOIA No.: 2022-FOIA-00300
OASIS No.: 1326806

Jason Leopold
BuzzFeed News
1669 Benedict Canyon Drive
Beverly Hills, CA 90210

**VIA ELECTRONIC MAIL: jasonleopold@gmail.com**

Dear Mr. Leopold:

This letter acknowledges receipt of your November 22, 2022, email regarding the Office of
Foreign Assets Control's (OFAC) first interim response sent to you on November 14, 2022. In
your email, you provided a list of 184 specific license applications you selected from the
spreadsheet we provided to you in our first interim response.

We have queried the appropriate OFAC components for responsive records. Once the responsive
records are located, they will be reviewed for determination on release. One of our analysts will
respond to your request. We appreciate your patience as we proceed.

Please be aware that the records may contain sensitive business information. As noted in our
previous correspondence, OFAC is required to process such records through its submitter notice
process. This process can add additional time to the processing of your request. Please see 31
C.F.R. § 1.5.

Again, we will make every effort to comply with your request in a timely manner; however,
there are currently 259 open requests ahead of yours. We anticipate being able to provide a
response to your request later in calendar year 2023.

If you need to contact our office concerning this response, you may send an email to our FOIA
Requester Service Center at OFACFOIAOffice@treasury.gov or call us at (202) 622-2500,
option 3. Please reference FOIA No. **2022-FOIA-00300** in any future correspondence.

Sincerely,

Sean W.
Haynes

Digitally signed by Sean W.
Haynes
Date: 2022.12.01 11:19:22
-05'00'

Sean W. Haynes
FOIA Chief
Information Disclosure and Records Management
Office of Sanctions Support and Operations
Office of Foreign Assets Control