UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JASON LEOPOLD,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF TREASURY,<br><br>Defendant. | Civil Action No. 22-3735 (DLF) |

## ANSWER

Defendant, United States Department of Treasury ("Treasury" or "Defendant") hereby answers the Complaint brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and filed by Jason Leopold ("Leopold" or "Plaintiff"). In response to the numbered paragraphs and sentences of the Complaint, Defendant admits, denies, or otherwise responds as follows:

### COMPLAINT

i. Paragraph 1 contains Plaintiff's characterization of this action and his FOIA request, as well as conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the FOIA, 5 U.S.C. § 552, *et seq*. Defendant denies the remaining allegations.

### PARTIES[1]

2. Defendant admits that Plaintiff is the FOIA requester in this case.

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3. Defendant admits that it is a federal agency within the meaning of the FOIA, 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

4. Paragraph 4 contains Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits that this Court has subject matter jurisdiction over proper FOIA actions subject to the terms and limitations of the FOIA.

5. Defendant admits this Court has venue over proper claims brought under FOIA.

## MARCH 10, 2022, FOIA REQUEST

6. Defendant admits Plaintiff submitted a FOIA request, dated March 10, 2022, via email to Treasury's Office of Foreign Asset Control (OFAC) FOIA Office. Paragraph 6 also contains Plaintiff's characterization of the FOIA request, to which no response is required. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the FOIA request.

7. Paragraph 7 contains Plaintiff's characterization of a letter, dated March 15, 2022, from OFAC's FOIA Office, to which no response is required. Defendant respectfully refers the Court to the March 15, 2022, letter for a full and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the letter.

8. Paragraph 8 contains Plaintiff's characterizations of a letter, dated November 14, 2022, from OFAC's FOIA Office, to which no response is required. Defendant respectfully refers the Court to the November 14, 2022, letter for a full and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the letter.

9. Paragraph 9 contains Plaintiff's characterizations of an email dated November 22, 2022, directed to OFAC's FOIA Office to which no response is required. Defendant respectfully refers the Court to the November 22, 2022, email for a full and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the email.[2]

10. Paragraph 10 contains Plaintiff's characterizations of a letter, dated December 1, 2022, from OFAC's FOIA Office, to which no response is required. Defendant respectfully refers the Court to the December 1, 2022, letter for a full and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the letter.

11. Defendant admits that Plaintiff's quoted citation is correct, and directs the Court to a copy of Defendant's correspondence for a true and complete statement.

12. Defendant denies and avers that it completed an interim production on November 14, 2022, prior to the filing of the instant complaint.

13. Paragraph 13 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegation.

**COUNT 1 – MARCH 1-, 2022 FOIA REQUEST,**

**DOT'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION**

14. Paragraph 14 realleges paragraphs 1-13, to which no response is required. To the extent a response is required, defendant incorporates by reference its answers to paragraphs 1-13 as set forth above.

---

[2] Defendant denies that Plaintiff correctly identified all the license numbers he sought records for as Defendant located discrepancies in Plaintiff's purported list of specific license numbers.

15. Paragraph 15 contains Plaintiff's characterization of his FOIA request and legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff's FOIA request seeks agency records and denies the remaining allegations.

16. Paragraph 16 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that it is subject to proper requests made under FOIA.

17. Paragraph 17 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

18. Paragraph 18 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegation.

## COUNT II – MARCH 10, 2022, FOIA REQUEST,
## DOT'S FOIA VIOLATION:  FAILURE TO PRODUCE RECORDS

19. Paragraph 19 realleges paragraphs 1-18, to which no response is required.  To the extent a response is required, defendant incorporates by reference its answers to paragraphs 1-18 as set forth above.

20. Paragraph 20 contains Plaintiff's characterization of his FOIA request and legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff's FOIA request seeks agency records and denies the remaining allegations.

21. Paragraph 21 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that it is subject to proper requests made under FOIA.

22. Paragraph 22 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

23. Defendant denies and avers that it completed an interim production on November 14, 2022, prior to the filing of the instant complaint.

## PRAYER FOR RELIEF

The allegations contained in paragraphs i-vi constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein. The remainder of the Complaint sets forth Plaintiff's requested relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or any other relief.

## ADDITIONAL DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Plaintiff is not entitled to attorneys' fees and costs.

3. The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

4. Plaintiff's request does not reasonably describe the records sought.

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Dated: January 23, 2023
Washington, D.C.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2512
Brenda.Gonzalez.Horowitz@usdoj.gov

*Attorneys for the United States*